IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE, II,

    Petitioner,        No. CIV S-10-1479 GGH P

    vs.

STATE OF CALIFORNIA,

    Respondent.        ORDER

_____/

    Petitioner, a non-revokable parolee, proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

    Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

    The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v.

Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, it does not appear that petitioner has exhausted his claims. The petition states that an appeal to the Court of Appeal is still pending, thus the claims have not been presented to the California Supreme Court.

Within twenty-one days petitioner shall show cause why this petition should not be dismissed for failure to exhaust state remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis; and

2. That within twenty-one days of the date of this order, plaintiff shall show cause why this action should not be dismissed for failure to exhaust state remedies.

DATED: July 13, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
houz1479.osc