IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE, II,

        Petitioner,               No. CIV S-10-1479 GEB GGH P

    vs.

STATE OF CALIFORNIA,

        Respondent.          <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a non-revokable parolee, proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        On July 13, 2010, the court ordered petitioner to show cause why the petition should not be dismissed for failure to properly exhaust his claims in state court.  The court noted that the petition stated that an appeal was still pending with the Court of Appeal.  On July 26, 2010, petitioner filed a response.

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971), <u>Middleton v.</u>

1  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

2        Petitioner's response only briefly addresses the issue of exhaustion, instead it

3  discusses the substance of his claims.  Petitioner states that he:

4        "has tried on at least two occasions to be heard by the Court of Appeal through a
motion to modify the charge or reduce the sentence which was imposed.  The

5        clerk of the court informed this petitioner that any filings must be done by the
attorney of record who would not file said modification/reduction of charge.  This

6        has left said petitioner without a say in the Court of Appeals unless said petitioner
wishes to dismiss his current representation."

7

8  Response at 1.

9        Based on petitioner's response, it does not appear that the state courts have had a

10  full and fair opportunity to review the claims brought in the instant habeas petition.  This court

11  will not interfere with the prosecution of petitioner's direct appeal.  Moreover, petitioner can

12  always file a state habeas petition in the Supreme Court raising the claim he desires.  This case

13  should be dismissed without prejudice so petitioner may properly exhaust his claims.[1]

14        Accordingly, IT IS HEREBY RECOMMENDED that this petition be dismissed

15  without prejudice.

16        These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served and filed within fourteen days after service of the objections.  The parties are

22  advised that failure to file objections within the specified time may waive the right to appeal the

23

24      [1]  Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of
limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year

25  period will start to run on the date on which the state court judgment became final by the conclusion
of direct review or the expiration of time for seeking direct review, although the statute of limitations

26  is tolled while a properly filed application for state post-conviction or other collateral review is
pending.  28 U.S.C. § 2244(d).

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2010

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
houz1479.dism

3